IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD L. COMAGE, | |
| Plaintiff, | |
| v. | Case No. 23-cv-1137-NJR |
| ANTHONY WILLS, KELLY PIERCE, K. ALLSUP, and HEATHER HOOD, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ronald Comage, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of their[1] constitutional rights pursuant to 42 U.S.C. § 1983. The Complaint alleges Defendants were deliberately indifferent to the conditions of Comage's confinement and failed to protect Comage while in disciplinary segregation. Comage asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] Comage indicates that they are transgender, but it is not clear to the Court what pronouns Comage prefers. Thus, for the time being, the Court will use non-binary, gender neutral pronouns. Comage is invited to indicate their preferred pronouns in future filings.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In the Complaint, Comage makes the following allegations: Comage is a transgender individual who previously signed into protective custody at Menard (Doc. 1, p. 8) and has been in protective custody since 2021. On September 19, 2022,[2] officers found homemade weapons in Comage's cell, and as a result, Comage was placed in North Two restrictive housing/disciplinary segregation for six months (*Id*. at p. 9). Comage alleges that in other segregation units within Menard, inmates in disciplinary segregation from protective custody are kept separate from inmates in disciplinary segregation from general population. In North Two, however, protective custody disciplinary segregation inmates and general population disciplinary segregation inmates are housed together (*Id*. at p. 9). Because Comage was housed in North Two with other general population inmates in disciplinary segregation, Comage was subjected to inmates kicking their cell walls day and night and verbally harassing them (*Id*. at p. 8). Comage faced threats from other inmates about how the inmates would use them for sexual purposes (*Id*.). The continued threats caused Comage to skip all opportunities for recreational yard for fear that they would be exposed to a risk of assault by the general population inmates in disciplinary segregation (*Id*. at p. 9). Comage went six months without exercise or outside

---

[2] The Complaint includes the date of September 19, 2023, but the Court presumes Comage means September 19, 2022.

activity due to Menard's practice of housing disciplinary inmates, both those from general population and protective custody, together in North Two (*Id.*).

Comage alleges that Anthony Wills, Kelly Pierce, K. Allsup, and Heather Hood were deliberately indifferent to their conditions and their safety because these individuals denied Comage's grievances regarding their placement in North Two (*Id.* at pp. 11-16). Comage further alleges that Defendants did not respond reasonably to the grievance once Comage informed the Defendants of their situation.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills, Kelly Pierce, K. Allsup, and Heather Hood for denying Comage access to the yard while in segregation.**
>
> **Count 2:** **Eighth Amendment failure to protect claim against Anthony Wills, Kelly Pierce, K. Allsup, and Heather Hood for housing Comage in disciplinary segregation with other general population disciplinary segregation inmates.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

Simply put, Comage fails to state a claim. Comage alleges that Defendants acted with deliberate indifference because Defendants denied their grievances. But the mishandling or denial of a grievance does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Comage fails to state a claim in Counts 1 and 2.

Although Comage indicates that they challenge Menard's North two segregation because they were housed with segregation inmates from general population, they do not allege that any of the individual defendants were responsible for the placement of protective custody inmates in North Two. Further, they do not allege any official capacity claim against Defendants. In order to state an official capacity claim, Comage must allege (1) "an express policy that, when enforced, causes a constitutional deprivation;" (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law;" or (3) "plaintiff's constitutional injury was caused by a person with final

---

[3] This includes any potential due process claim that Comage seeks to allege because they fail to allege that their due process rights were violated by any of the defendants during the disciplinary process. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Comage fails to allege that the housing of protective custody and general custody disciplinary segregation inmates in North Two was the result of a policy or practice at Menard. Thus, Comage fails to state a claim.

### Pending Motions

As to Comage's motion for counsel (Doc. 3), they attach a letter from counsel declining to take their case. Comage indicates that they have some college education but do not have knowledge of the law. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Further, counsel is not needed at this time because the Court finds Comage capable of submitting an Amended Complaint on their own. Thus, Comage's motion for counsel (Doc. 3) is **DENIED without prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that Comage's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Comage is **GRANTED** leave to file a "First Amended Complaint" on or before **June 22, 2023**. Should Comage fail to file a First Amended Complaint within the allotted

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute their claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Comage's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Comage must re-file any exhibits they wish the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Comage is further **ADVISED** that their obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Comage elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Comage is **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure

to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 25, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**