IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD COMAGE,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, KELLY PIERCE, K. ALLSUP, HEATHER HOOD, and MAJOR EVALDI,<br><br>      Defendants. | Case No. 23-cv-1137-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ronald Comage, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of their[1] constitutional rights pursuant to 42 U.S.C. § 1983. Comage's original Complaint (Doc. 1) alleged that the defendants were deliberately indifferent to the conditions of Comage's confinement and failed to protect Comage while in disciplinary segregation. The Complaint was dismissed for failure to state a claim.

In the First Amended Complaint (Doc. 14), Comage again alleges the defendants failed to protect Comage and were deliberately indifferent to their conditions of confinement in violation of the Eighth Amendment.

---

[1] Comage indicates that they are transgender, but it is not clear to the Court what pronouns Comage prefers. Comage has also not indicated a preference in pronouns as previously directed by the Court (Doc. 13, p. 1 n. 1). Thus, for the time being, the Court will use non-binary, gender neutral pronouns.

Subsequent to filing the Amended Complaint, Comage filed a motion for leave to file a second amended complaint (Doc. 17). Unfortunately, however, the motion includes only a portion of a proposed amended pleading. The document includes only seven pages of a purported 27-page pleading. Further, when a proposed amended pleading is submitted to the Court for review, "[a]ll new material in the amended pleading must be underlined." SDIL Local Rule 15.1. The Court does not accept piecemeal amendments to the pleadings. Because Comage has submitted only a portion of the proposed second amended complaint and not the complete pleading, the motion to amend is **DENIED** without prejudice. To the extent Comage wishes to further amend the pleadings, the Clerk of Court is **DIRECTED** to send Comage a Section 1983 Complaint form.

This case is now before the Court for preliminary review of the First Amended Complaint (Doc. 14) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of an amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the First Amended Complaint, Comage makes the following allegations: Comage is a transgender individual who previously was assigned to protective custody due to their gender identity (Doc. 14, p. 2). Comage is currently housed in North Two disciplinary segregation at Menard Correctional Center because of discipline they

received from having weapons in their cell (*Id*. at pp. 1, 9). Comage alleges that there is an improper practice at Menard to house protective custody disciplinary segregation inmates alongside general population disciplinary segregation inmates (*Id*. at p. 1). Comage alleges that Menard's practice violates the prison's protective custody policy which states that general population and disciplinary segregation inmates are not permitted access to the protective custody area of the prison (*Id*. at p. 2). Inmates subject to disciplinary segregation, whether from protective custody or general population, are housed in the same disciplinary segregation unit at Menard. They attend the same yard and are placed in the same holding cell. Comage alleges that protective custody inmates should have an entirely separate unit for disciplinary segregation, instead of being housed with general population disciplinary segregation.

Comage alleges that Anthony Wills, Kelly Pierce, K. Allsup, Heather Hood, and Major Evaldi were aware of the language in their orientation manual setting forth the policy but violated their own policy by housing Comage in disciplinary segregation with general population segregation inmates (*Id*. at p. 2). Being housed in general population segregation forced Comage to choose whether to remain in their cell or go to the recreation yard and face possible safety and security threats from other inmates (*Id*. at p. 3). As a result, Comage chose not to go to the recreational yard and was deprived of exercise for six months (*Id*. at pp. 4, 6).

Comage wrote grievances about the issue of housing protective custody disciplinary segregation inmates in general population disciplinary segregation. On January 12, 2023, Warden Anthony Wills expedited the grievance as an emergency but

3

ultimately denied the grievance by concurring with grievance officer Kelly Pierce (*Id.* at p. 4). Comage contends that Wills acted with deliberate indifference by denying the grievance and by failing to establish a separate disciplinary segregation for protective custody inmates (*Id.* at pp. 4-5). Comage alleges Wills's response to the grievance was unreasonable because he simply concurred with the grievance officer's determination (*Id.* at p. 5). Kelly Pierce, the grievance officer who reviewed Comage's grievance, denied Comage's grievance despite knowing that Comage previously checked into protective custody due to threats from inmates in general population (*Id.* at p. 7). Comage alleges that Pierce acted with deliberate indifference in denying the grievance, stating that Comage was appropriately placed (*Id.*). Similarly, Comage alleges that K. Allsup acted with deliberate indifference when responding to the grievance as a counselor (*Id.* at p. 8).

As to Heather Hood, Comage alleges Hood was Comage's counselor. Comage wrote to Hood about their concerns being a protective custody inmate housed in disciplinary segregation with general population disciplinary segregation inmates (*Id.* at p. 10). Despite informing Hood of the concerns with disciplinary segregation, Hood responded to Comage indicating that Menard does not have protective custody status for inmates in disciplinary segregation. She also informed Comage that a protective custody inmate loses protective custody status when placed in disciplinary segregation but can sign back into protective custody upon release from segregation (*Id.* at p. 10). Comage alleges that this policy is not set forth in the orientation manual.

Comage also alleges that Major Evaldi violated the Eighth Amendment when Evaldi placed Comage in disciplinary segregation, despite knowing that Comage came

from protective custody and that other inmates pose a threat to Comage's safety and security (*Id*. at p. 11).

## Discussion

Based on the allegations in the First Amended Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment failure to protect claim against Anthony Wills, Kelly Pierce, K. Allsup, Heather Hood, and Major Evaldi for housing Comage in disciplinary segregation with general population disciplinary segregation inmates.
>
> **Count 2:** Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills, Kelly Pierce, K. Allsup, Heather Hood, and Major Evaldi for preventing Comage from safely accessing the recreational yard while in disciplinary segregation.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any Fourteenth Amendment due process claim. Although Comage alleges that Kelly Pierce, K. Allsup, and Heather Hood denied Comage's due process rights in denying their grievances asking to be removed from general population disciplinary segregation, there are no due process protections in the prison grievance process. *See, e.g., Courtney v. Devore*, 595 F. App'x 618, 620–21 (7th Cir. 2014) ("[S]tate grievance procedures do not create substantive liberty interests protected by due process."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

**Count 1**

To state a failure to protect claim under the Eighth Amendment, Comage must allege that the risk of harm faced in disciplinary segregation was "objectively, sufficiently serious and that the defendants acted with deliberate indifference to [Comage's] health or safety." *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (citations omitted). Comage may demonstrate that prison officials were aware of a specific, impending, and substantial threat to their safety "by showing that [they] complained to prison officials about a specific threat to [their] safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). An inmate can also establish that the risk of harm was sufficiently serious "by showing that [they] belong[] to an identifiable group of prisoners who are frequently singled out for violent attacks by other inmates." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

Comage alleges that due to being transgender, they are at a substantial risk of harm while in disciplinary segregation because they were previously placed in protective custody for protection against general population inmates. But now they are housed in disciplinary segregation with inmates from general population. Comage alleges that Major Evaldi was aware of their status when Evaldi sentenced Comage to disciplinary segregation. Comage informed the other defendants through grievances and letters regarding their concerns in segregation. Despite these warnings, Comage remains in disciplinary segregation with other general population segregation inmates and the defendants have declined to separate Comage from the other inmates in segregation.

According to Comage, there is only one segregation unit at Menard, thus individuals from protective custody are placed in the same disciplinary segregation unit as those inmates from general population.

At this stage, Comage states a viable failure to protect claim against Anthony Wills, Evaldi, and Heather Hood. Comage alleges that Evaldi was aware of Comage's transgender status when he sentenced Comage to segregation. Comage also alleges that they wrote Hood letters while in segregation, raising concerns with the placement in disciplinary segregation with individuals from general population (Doc. 14, p. 10). Comage also adequately alleges that Wills was aware of Comage's status as a transgender individual but implemented a practice at Menard of housing protective custody inmates in segregation with general population disciplinary segregation inmates. To the extent that Comage seeks injunctive relief in the form of an order to stop the practice of housing protective custody segregation inmates with general population inmates, the claim against Anthony Wills will also proceed against him in his official capacity as warden. *MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000) (private parties may "sue individual state officials for prospective relief to enjoin ongoing violations of federal law").

But Comage fails to state a claim against Kelly Pierce and K. Allsup. Comage alleges that these grievance officials' responses were unreasonable in light of the claims in Comage's grievance. But the mishandling or denial of a grievance does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause

or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, the claims against Kelly Pierce and K. Allsup are **DISMISSED without prejudice**. Similarly, to the extent Comage's failure to protect claim against Wills is based on Wills's response to Comage's grievance, that claim is also not viable.

**Count 2**

Comage also states a viable claim against Anthony Wills, Heather Hood, and Evaldi for the lack of recreational opportunities in segregation that Comage can engage in while keeping separate from general population inmates. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001). But as previously stated, Comage cannot maintain a claim against Kelly Pierce and K. Allsup for simply denying grievances. Thus, Kelly Pierce and K. Allsup are also **DISMISSED** from Count 2.

## Pending Motions

In addition to the First Amended Complaint, Comage filed a motion for counsel (Doc. 15) and motion for preliminary injunction (Doc. 18).

In the motion for counsel (Doc. 15), Comage indicates that they have contacted attorneys asking for assistance. Comage also is a seriously mentally ill inmate that takes strong medications for their condition. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the

complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[3] Further, the defendant has yet to enter the case, and there are no current deadlines which would require the assistance of counsel. Comage's filings have also been legible and easy to understand. Thus, the Court finds that counsel is not needed at this time.

As to the motion for preliminary injunction, Comage seeks to be separated from general population disciplinary segregation, noting that at other IDOC facilities protective custody segregation is separate from general population segregation (Doc. 18). Comage maintains they face a substantial risk of harm if they remain in general population segregation at Menard. Given the serious nature of the allegations, the Court **DIRECTS** Anthony Wills, in his official capacity as warden of Menard, to respond to Comage's motion for preliminary injunction. Wills's response is due on or before **August 18, 2023**.

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against Anthony Wills (individual and official capacity), Heather Hood, and Evaldi. The claims against Kelly Pierce and K. Allsup are **DISMISSED without prejudice.**

The Clerk of Court shall prepare for Defendants Anthony Wills (individual and official capacity), Heather Hood, and Major Evaldi: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Comage. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Comage, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Comage, and the judgment includes the payment of costs under Section 1915, Comage will be required to pay the full amount of the costs, regardless of whether the application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Comage is **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate Comage's whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  July 28, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**