IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD L. COMAGE, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY WILLS, HEATHER HOOD, and FRANK EOVALDI,[1] <br><br> Defendants. | Case No. 23-cv-1137-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ronald Comage, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. Comage alleges that Defendants failed to protect them and were deliberately indifferent to their conditions of confinement in violation of the Eighth Amendment.[2]

This matter is before the Court on Comage's motion for preliminary injunction (Doc. 18). Comage seeks an Order directing Defendants to improve conditions in protective custody restrictive housing disciplinary segregation in order to protect protective custody inmates that must be housed in disciplinary segregation. They seek

---

[1] Major Evaldi has now identified himself by his proper name Frank Eovaldi. The Clerk of Court is **DIRECTED** to **CORRECT** the docket to reflect Defendant's proper name.
[2] Comage is transgender and indicates their preference to be referred to by non-binary, gender-neutral pronouns (Doc. 30, p. 3).

1

an Order requiring that inmates in protective custody disciplinary segregation be kept separate from general population disciplinary segregation. Comage later filed a supplement to the motion for preliminary injunction in which they seek the establishment of a separate disciplinary segregation unit for protective custody inmates (Doc. 30, p. 8). Anthony Wills filed a response in opposition to the motion (Doc. 31). Comage filed a reply brief (Doc. 32).

## FACTUAL BACKGROUND

On April 5, 2023, Comage filed a Complaint (Doc. 1) alleging deliberate indifference in the conditions of their confinement. The Complaint was dismissed because Comage only alleged that Defendants acted with deliberate indifference in denying their grievances (Doc. 13, p. 4). Although Comage took issue with the conditions of confinement in segregation, they failed to identify any individual defendant responsible for their placement in general population segregation (*Id*. at p. 4). Comage was granted leave to file an amended pleading.

On June 23, 2023, Comage filed a First Amended Complaint (Doc. 14). Comage alleged they were previously assigned to protective custody due to their gender identity, but at the time they filed their lawsuit they were housed in North Two disciplinary segregation (Doc. 21, p. 2). Comage took issue with Menard's practice of housing protective custody disciplinary segregation inmates with disciplinary segregation inmates from general population (*Id*. at p. 3). Comage believed the practice violated the prison's protective custody policy requiring that general population and protective custody inmates be separated (*Id*.). Comage alleged Anthony Wills, Heather Hood, and

Frank Eovaldi were aware of the prison's protective custody policy but still allowed protective custody disciplinary segregation inmates, like Comage, to be housed with general population disciplinary segregation inmates (*Id.* at p. 3). Comage also alleged that they lacked access to any recreational opportunities in segregation due to being housed in general population disciplinary segregation. Comage was allowed to proceed on the following two claims:

> Count 1: Eighth Amendment failure to protect claim against Anthony Wills, Heather Hood, and Frank Eovaldi for housing Comage in disciplinary segregation with general population disciplinary segregation inmates.
>
> Count 2: Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills, Heather Hood, and Frank Eovaldi for preventing Comage from safely accessing the recreational yard while in disciplinary segregation.

(Doc. 21, p. 5).

Subsequent to filing the First Amended Complaint, Comage filed a motion for preliminary injunction (Doc. 18). Comage sought an Order from the Court directing the defendants to improve protective custody disciplinary segregation conditions at Menard (Doc. 18, p. 1). Specifically, Comage sought a court order for Menard to house all protective custody disciplinary segregation inmates in a different segregation unit from those in general population disciplinary segregation (*Id.*). Comage alleged both protective custody and general population inmates were housed in the same disciplinary segregation unit, putting those from protective custody at risk. Comage alleged they had been housed in protective custody since 2021. But because Comage is now housed in disciplinary segregation, they are unable to go to the yard or any other approved activity

3

because they are housed with general population disciplinary segregation inmates. Comage alleges they are at risk of assault due to their transgender status and have refused recreational yard due to a potential risk of harm (*Id.* at p. 3).

In their subsequent memorandum in support of their motion for preliminary injunction, Comage reiterated that they were at a substantial risk of serious harm by being housed in North Two disciplinary segregation with general population disciplinary segregation inmates (Doc. 30, p. 3). Comage argues that other IDOC correctional facilities have separate disciplinary segregation units for inmates from protective custody (*Id.* at p. 4). Comage alleges that they wrote grievances about their placement in disciplinary segregation but were informed they were properly placed and that their protective custody status was removed when they were found to be in possession of weapons (*Id.* at p. 5). Comage was informed that they would be returned to protective custody after their term in disciplinary segregation was completed (*Id.*).

Defendant Anthony Wills filed a response in opposition to Comage's motion for preliminary injunction. Wills offered the affidavit of Frank Eovaldi (Doc. 31-5). Eovaldi is a Major at Menard and a shift supervisor (*Id.* at p. 2). He is also a defendant in this case. Eovaldi testified in his affidavit that when an individual in protective custody is disciplined with restrictive housing, or disciplinary segregation, the inmate maintains their protective custody status and given added protections while housed in restrictive housing. The inmate is single celled and escorted by security any time that they leave their cell (*Id.* at p. 3). They are also offered recreation time in a smaller yard area, by themselves and away from other prisoners. Eovaldi acknowledged that Comage is

currently in restrictive housing, but they remain single-celled and are escorted by security staff when moving within the facility (*Id.*). Although Comage received disciplinary segregation for various offenses including having homemade weapons, assaulting staff, making threats, discussing murder plans, and fighting, Comage has been kept separate in segregation from other inmates by being housed in a single cell (Docs. 31-3, 31-4).

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met their burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the

merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

Simply put, Comage fails to meet their burden of showing that they are entitled to a preliminary injunction. Again, a preliminary injunction is an extraordinary remedy and the bar for demonstrating the need for such relief is a high one. It is clear from the evidence in the record and the testimony that Comage has not met that burden.

To state a failure to protect claim under the Eighth Amendment, a plaintiff must allege that the risk of harm faced in disciplinary segregation was "objectively, sufficiently serious and that the defendants acted with deliberate indifference to [their] health or safety." *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (citations omitted). A plaintiff may demonstrate that prison officials were aware of a specific, impending, and substantial threat to their safety "by showing that [they] complained to prison officials about a specific threat to [their] safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). An inmate can also establish that the risk of harm was sufficiently serious "by showing that [they] belong[] to an identifiable group of prisoners who are frequently singled out for violent attacks by other inmates." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). Comage's

6

conditions of confinement claim similarly requires them to demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety." *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (citing *Farmer*, 511 U.S. at 837).

Comage's reply brief argues that at summary judgment, the defendants must prove that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. Comage argues that Defendant Wills is, thus, incorrect when he argues that Comage fails to establish a likelihood of success on the merits because, presumably, Defendants have not shown they are entitled to summary judgment. But Comage misunderstands their burden in seeking a preliminary injunction. Comage has the burden of demonstrating that they are entitled to injunctive relief, including that they have a reasonable likelihood of success on the merits. Comage fails to meet that burden. Although Comage argues that they are at a risk of harm by being housed in disciplinary segregation with inmates from both protective custody and general population, Comage has not shown a substantial threat to their safety, nor have they shown that any defendant acted with deliberate indifference to that threat.

Instead, the evidence in the record shows that Defendants are aware of Comage's protective custody status and have taken steps to protect Comage while housed in disciplinary segregation. Major Eovaldi testified that Comage is single-celled and kept away from other inmates. Comage's restrictive housing placement notification also notes that Comage is not approved for double celling while in disciplinary segregation (Doc. 31-4, p. 2). Further, Major Eovaldi testified that Comage is escorted by security staff at all times and has access to a smaller yard, away from other prisoners (Doc. 31-5, p. 3).

7

The records and testimony demonstrate that Defendants have provided added protections for Comage while in disciplinary segregation.

Further, Comage fails to point to any threat to their safety. Although they are a member of an identifiable group of inmates who are often at risk of attack, they have not demonstrated that they have faced any specific threats to their safety while isolated in disciplinary segregation. Nor have they shown that the protections provided by Defendants, single-celling Comage and giving them access to an isolated yard, amounts to deliberate indifference to their safety. Instead, Comage argues that Eovaldi's declaration is not true and is contradictory to responses Comage received to grievances on the issue. Comage argues that, in response to their grievance, counselor K. Allsup stated that Comage was removed from protective custody due to their disciplinary infraction and would be returned to protective custody after their discipline was completed (Doc. 32, p. 10). But Allsup also stated that restrictive housing was "equivalent" to placement in protective custody because there is no movement with other individuals and all movement is escorted by security (*Id.*). Thus, the Court does not find the counselor's response to be contradictory to Eovaldi's statement in his declaration that protective custody inmates in segregation are still considered "protective custody" and given additional protections (Doc. 31-5, p. 3). Although it appears there is a dispute among staff as to whether Comage retains the title of "protective custody," there is no dispute that the conditions are the same and Comage receives additional protections such

8

as single-celling and access to an isolated yard.[3] Comage fails to present any evidence that Defendants have been deliberately indifferent to their safety while in disciplinary segregation.

## CONCLUSION

For the reasons stated above, Comage's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 1, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] In response to one of Comage's grievances, Correctional Counselor Hood stated that the rules require an inmate to "basically lose [protective custody] status" while in segregation because "there is no PC status in seg." (Doc. 32, p. 14). But all grievance officers acknowledged that individuals in restrictive housing are escorted by an officer for all movement (*Id*. at pp. 10, 12, 17).